PER CURIAM.
Appellant challenges his conviction and sentence for two counts of lewd and lascivi *606 ous acts upon a child under the age of 16. Addressing only the issue upon which the state has conceded error, we reverse.
Appellant was charged with fondling his daughter’s 13-year-old friend on two successive weekends near the end of the 1992 school year. For the most part, the state’s case on direct consisted of testimony from the victim and another girl, Sasha, who stayed at appellant’s house on one of the “sleep-over” weekends in question. Only the victim witnessed the alleged criminal acts.
The appellant and his 13-year-old daughter were the chief witnesses for the defense. On cross-examination of these witnesses, the prosecutor asked whether the daughter had accused the appellant of touching the victim. Both the appellant and the daughter answered that no such accusation had been made. Apparently not content with these responses, the prosecution called Sasha as a rebuttal witness. Over a defense objection, Sasha testified that sometime during the second sleep-over weekend she overheard the daughter tell appellant: “How could you do this, you promised me that you wouldn’t touch any more of my friends. You’re making me lose my friends slowly.”
The state acknowledges the general rule that if a witness is cross-examined on a collateral or irrelevant matter, the cross-examiner must “take” and be bound by the answer and may not subsequently impeach the witness with extrinsic evidence in contradiction. Caruso v. State, 645 So.2d 389, 394 (Fla.1994). Although Sasha’s rebuttal testimony was admitted in violation of this rule, the state asserts that this constituted harmless error. Specifically, the state points out that the most damaging aspect of the testimony was the reference to “any more of my friends,” and its suggestion that the appellant had committed similar offenses in the past with other of his daughter’s friends. According to the state, this suggestion did no additional harm to the appellant because the victim had already testified that the appellant informed her that “he used to have another little girl that he did this to.”
Even if we accepted the state’s argument that this aspect of the erroneously admitted testimony was harmless, there are other elements of harm that necessitate reversal. In what was essentially a swearing contest between the appellant and the victim, the erroneously admitted rebuttal testimony impeached the two most important defense witnesses, albeit on a collateral matter. In addition to discrediting the defense, the testimony had a vouching effect for the victim, where the jury was informed that the daughter’s first impulse was to believe that the victim was truthful and that her father was a sex offender. In short, the erroneously admitted testimony was harmful by definition, as we cannot say beyond a reasonable doubt that it did not affect the verdict. See State v. DiGuilio, 491 So.2d 1129, 1139 (Fla.1986).
Accordingly, we reverse the appellant’s convictions and remand for a new trial.
ERVIN, MINER and BENTON, JJ., concur.